IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLY MCLAIN ROSETTE,<br><br>Defendant. | CR 18-63-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Charly McLain Rosette (Rosette) has been accused of violating the conditions of her supervised release. Rosette admitted all of the alleged violations. Rosette's supervised release should be revoked. Rosette should be placed in custody for 6 months, with 27 months of supervised release to follow.

## II. Status

Rosette pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone on November 8, 2018. (Doc. 82). The Court sentenced Rosette to 36 months of custody, followed by 3 years of supervised release. (Doc. 117). Rosette's current term of supervised release began on February 2, 2023. (Doc. 266 at 2).

**Petition**

The United States Probation Office filed a Petition on March 2, 2023, requesting that the Court revoke Rosette's supervised release. (Doc. 266). The Petition alleged that Rosette had violated the conditions of her supervised release: 1) by knowingly interacting with a convicted felon; and 2) by failing to complete her 180-day term at Passages Residential Re-Entry Center.

**Initial appearance**

Rosette appeared before United States Magistrate Judge Timothy J. Cavan for her initial appearance on March 6, 2023. Rosette was represented by counsel. Rosette stated that she had read the petition and that she understood the allegations. Rosette waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on April 11, 2023. Rosette admitted that she had violated the conditions of his supervised release: 1) by knowingly interacting with a convicted felon; and 2) by failing to complete her 180-day term at Passages Residential Re-Entry Center. The violations are serious and warrant revocation of Rosette's supervised release.

Rosette's violations are Grade C violations. Rosette's criminal history category is II. Rosette's underlying offense is a Class C felony. Rosette could be incarcerated for up to 24 months. Rosette could be ordered to remain on supervised release for up to 33 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Rosette's supervised release should be revoked. Rosette should be incarcerated for 6 months, with 27 months of supervised release to follow.

### IV. Conclusion

The Court informed Rosette that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Rosette of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Rosette that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Rosette stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

Charly McLain Rosette violated the conditions of her supervised release: by knowingly interacting with a convicted felon; and by failing to complete her 180-day term at Passages Residential Re-Entry Center.

The Court **RECOMMENDS:**

The District Court should revoke Rosette's supervised release and commit Rosette to the custody of the United States Bureau of Prisons for 6 months, with 27 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of April, 2023.

John Johnston
United States Magistrate Judge

4