IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLY McLAIN ROSETTE,<br><br>Defendant. | CR 18-63-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Charly McLain Rosette (Rosette) has been accused of violating conditions of her supervised release. (Doc. 295). Rosette admitted the alleged violations. Rosette's supervised release should be revoked. Rosette should be sentenced to custody for 10 months, with no period of supervised release to follow.

## II.  Status

Rosette plead guilty on November 8, 2018, to the offense of Conspiracy to Possess with Intent to Distribute Oxycodone, in violation of 21 U.S.C. Section 846(1) as charged in Count I of the Indictment. (Doc. 82). Rosette was sentenced to 36 months of custody followed by 3 years of supervised release. (Doc. 117). Rosette's current term of supervised release began on August 11, 2023.

**Petition**

On November 27, 2023, the United States Probation Office filed a Petition requesting that the Court revoke Rosette's supervised release. (Doc. 295). The Petition alleged Rosette violated conditions of her supervised release by: (1) unlawfully using a controlled substance by using buprenorphine and fentanyl and (2) failing to remain living at a place approved by her probation officer by leaving her approved placement at Sober Beginnings on or about November 19, 2023, and failing to advise probation officer of her whereabouts since that time.

**Initial Appearance**

Rosette appeared before the Court on June 18, 2024.  Rosette was represented by counsel.  Rosette stated that she had read the Petition and that she understood the allegations against her.  Rosette waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 18, 2024.  Rosette admitted that she had violated the conditions of supervised release as set forth in the Petition by: (1) unlawfully using a controlled substance, testing positive for buprenorphine on September 25, 2023 and admitting to using fentanyl on November 7, 2023; and (2) failing to remain living at a place approved by her probation officer, leaving her approved placement at Sober Beginnings on or about November 19, 2023, and

failing to advise probation officer of her whereabouts since that time. The violation are serious and warrants revocation of Rosette's supervised release.

**Sentencing hearing**

Rosette appeared before the Court on June 18, 2024. Rosette's violation is a Grade C violation. Her criminal history category is II. Rosette's underlying offense is a Class C felony. Rosette could be incarcerated for up to 24 months. Rosette could be ordered to remain on supervised release for 27 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Rosette and the Government agree that Rosette's supervised release should be revoked and that she should be sentenced to custody for 10 months, with no period of supervised release to follow. The Court agrees that Rosette's supervised release should be revoked and determines that the agreed upon sentences is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Rosette that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Rosette of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Rosette that Judge Morris would consider a timely objection before making a final determination on whether to

revoke her supervised release and what, if any, sanction to impose. Rosette stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS**:

> That CHARLY McLAIN ROSETTE, has violated the conditions of her supervised release by: (1) unlawfully using a controlled substance, testing positive for buprenorphine on September 25, 2023, and admitting to using fentanyl on November 7, 2023; and (2) failing to remain living at a place approved by her probation officer, leaving her approved placement at Sober Beginnings on or about November 19, 2023, and failing to advise probation officer of her whereabouts since that time.

The Court **RECOMMENDS:**

> That the District Court revoke Rosette's supervised release and sentence Rosette to custody for 10 months, with no period of supervised release to follow. This Court further recommends that Bureau of Prisons place Rosette at FCI Tallahassee.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

    DATED this 20th day of June 2024.

*John Johnston*
United States Magistrate Judge